IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **TONY PEREZ WELCH** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) Case No. 7:19-cv-668 |
| v. | ) |
| | ) By:  Michael F. Urbanski |
| **SAM'S EAST, INC., <u>et al.</u>,** | ) Chief United States District Judge |
| | ) |
| **Defendant.** | ) |

### MEMORANDUM OPINION

This matter is before the court on Defendant Sam's East, Inc. and Sam's East Real Estate Business's (collectively "Sam's East") motion to exclude Plaintiff Tony Perez Welch's expert, Gordon E. Meth, P.E., ECF No. 22, and Sam's East's motion for summary judgment, ECF No. 25. Sam's East argues that Welch's expert is an affirmative disclosure untimely made and prejudicial. Welch responded, conceding his disclosure was late, but arguing that Sam's East is not unduly surprised or incurably harmed by allowing the late disclosure. ECF No. 23. Sam's East also argues that Welch's claims must be dismissed on summary judgment for failure to meet the elements of negligence. Welch opposes summary judgment, arguing that genuine issues of material fact exist, which must be resolved by a jury. ECF No. 28.

After reviewing the briefs and the available evidence, and for the reasons stated on the record and herewith, the court takes Sam's East motion for summary judgment **UNDER ADVISEMENT** and **DENIES** Sam's East motion to exclude Welch's expert as an untimely disclosure.

1

## I. BACKGROUND

This case arises out of a multi-vehicle car accident that occurred November 7, 2016 at the Sam's East parking lot in Roanoke. ECF No. 1-1, at 2. Welch alleges that he was an invitee of Sam's East because he had come to the store to purchase goods, and that as an invitee he was owed a duty of care. Id. Within the parking lot, Welch was hit by another vehicle at a three-way intersection which lacked a warning sign. Id. At the hearing, Welch represented that other intersections in the same lot had warning signs. He claims Sam's East's failure to warn proximately caused him "to sustain serious and permanent injuries," "continue to suffer great pain of body and mind," sustain permanent disability or deformity, and to incur medical bills into the future. ECF No. 1-1, at 2.

In response, Sam's East denies that the accident occurred in the manner in which Welch described, denies causing the accident through negligence, denies any duty owed to Welch, alleges that Welch was contributorily negligent or assumed the risk, alleges that the accident was caused by a third party, alleges that the condition was open and obvious, therefore no warning was required, and that the condition does not amount to an "unsafe condition" or "defect" under Virginia law. ECF No. 8, at 2-3. Welch filed suit in the Circuit Court for the City of Roanoke alleging common law negligence, and defendants removed the case to federal court on October 2, 2019. ECF No. 1.

On August 4, 2020, Sam's East filed the two instant motions: the motion to exclude plaintiff's expert, ECF No. 22, and the motion for summary judgment, ECF No. 25. Welch opposed both. ECF Nos. 23, 28. The Court heard arguments on these issues on September 24, 2020.  The matters are ripe for resolution.

## II.     EXPERT DISCLOSURE

First, the court will address the expert motion, because its resolution will determine which evidence the court is permitted to consider at summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Sam's East claims that the expert report of Gordon E. Meth, P.E., must be excluded as an inexcusable and incurably prejudicial late disclosure of an affirmative expert. ECF No. 22. The Amended Scheduling Order in this case, ECF No. 16, required the disclosure of Welch's affirmative experts by May 15, 2020; the disclosure of Sam's East' affirmative experts by July 10, 2020; and the disclosure of both parties' supplemental, rebuttal, and/or additional expert exports by July 24, 2020. On May 15, 2020, Welch disclosed Gregory A. Howes, D.O., his treating physician, as an expert. ECF No. 22, at 2. On July 10, 2020, Sam's East disclosed Dr. William C. Andrews as its affirmative medical expert and reserved the right to call the plaintiff's treating physician. Id. Welch then disclosed Meth as an additional expert on July 24, 2020 to provide his opinion on traffic flow and parking lot design. ECF No. 23, at 2. Sam's East argues that Meth's opinion is neither supplemental to Howes' opinion, nor a rebuttal to Andrews' opinion, in that it is wholly unrelated to the medical issues in this case. ECF No. 22, at 2; ECF No. 23, at 2. Compare Meth's Report, ECF No. 22-3, with Howes' Report, ECF No. 23-1, and Andrews' Report, ECF No. 23-2.

For his part, Welch does not dispute that this constitutes a late disclosure of an affirmative expert in violation of the Amended Scheduling Order. In his briefs and at the hearing, he explained to the court that the original expert he had retained to provide testimony about parking lot design and traffic flow withdrew at the last minute, and that he struggled to find a replacement witness. He argues, however, that despite the delay, admitting Meth's

3

testimony would not unduly prejudice Sam's East because the report contains nothing that would cause surprise in a case involving an automobile accident in an uncontrolled parking lot. The complaint identifies the theory of negligence Meth's testimony is offered to support, that Sam's East failed to erect or display a warning at the three-way intersection at issue in violation of its duty of care.

Federal Rules of Civil Procedure ("FRCP") 16(f) and 37(c) prescribe sanctions for discovery violations. However, only FRCP 16(f) prescribes sanctions for violation of a court ordered discovery plan and is apposite at this stage of the proceeding. As another court in the Fourth Circuit has observed:

> [w]hen a dispute arises concerning violation of expert disclosure obligations pursuant to a court approved discovery plan, the Court should first look to Rule 16(f) for determining both compliance and sanctions as opposed to Rule 37(c). Rule 16(f) specifically speaks to noncompliance with a scheduling or pretrial order. Rule 37(c), on the other hand, is self-executing and will likely come into play later in the court proceedings, often at or near trial. It serves the situation where there is no discovery plan and the timing of the parties' disclosures is controlled only by the Federal Rules of Civil Procedure.

Akeva L.L.C. v. Mizuno Corp., 212 F.R.D. 306, 309 (M.D.N.C. 2002). A violation of Rule 16(f) is evaluated according to a variation of the Rambus test. See Rambus, Inc. v. Infineon Technologies AG, 145 F. Supp. 2d 721 (E.D. Va. 2001); see also Southern States Rack & Fixture, Inc. v. Sherwin–Williams Co., 318 F.3d 592, 596 (4th Circ. 2003) (adopting the Rambus test). Rambus instructs this court's application of Rule 16(f):

> The factors to be considered under [Rule 16(f)] are substantially the same as those considered under Rule 37(c): (1) the reason for failing to name the witness [or failing to complete expert witness reports]; (2) the importance of the testimony; (3) potential

4

        prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.

Rambus, 145 F. Supp. 2d at 721. Under Rule 16(f), a district court "has wide latitude in imposing sanctions on parties who fail to comply with pretrial orders and procedures." World Wide Demil, LLC v. Nammo, 51 F. App'x 403, 407 n. 4 (4th Cir. 2002) (citing Rambus, 145 F. Supp. 2d at 736). And it enjoys "considerable discretion in determining whether to permit an expert, who is designated after the scheduling order deadline for doing so, to testify." Potomac Elec. Power Co. v. Elec. Motor Supply, Inc., 190 F.R.D. 372, 377 (D.Md. 1999) (citations omitted).

      However, "[t]he focus of a preclusion inquiry is mainly upon surprise and prejudice." Michelone v. Desmarais, 25 F. App'x 155, 158 (4th Cir. 2002) (quoting Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir. 1992). "Thus, whether a late disclosure is prejudicial depends on whether the expert testimony was unexpected and left the other party without adequate opportunity to prepare for it." Id. The court agrees with Sam's East; Welch made a late disclosure of an affirmative expert. ECF No. 23, at 2. However, the court does not find the disclosure unduly prejudicial. The expert was disclosed four (4) months prior to trial, and one (1) month before Sam's East filed for summary judgment. Sam's East had ample opportunity to review the report and, if necessary, develop a strategy to respond. Given the ongoing and unprecedented COVID-19 pandemic, the court also notes that this entire year has been fraught with procedural delay.

      Additionally, the court does not find that the report constitutes unfair surprise. In a personal injury case in which plaintiff challenges the lack of a warning sign at a parking lot intersection, the defendants should have anticipated some form of testimony regarding the

5

advisability of the parking lot design. Scott v. Holz-Her, U.S., Inc., No. CIV. 6:04-CV-00068, 2007 WL 3171937, at *2 (W.D.Va. Oct. 26, 2007) (finding no lack of surprise even in the introduction of new content in an expert report because "[i]t does not require great powers of foresight to guess that the defendant in a product liability case will contest the feasibility of an alternate design."); Leary v. Delarosa, No. 5:16-CV-00043, 2017 WL 5663013, at *1 (W.D.Va. July 24, 2017) (denying motion to strike for lack of prejudice). Even viewing the potential significance or prejudice of the report "from the perspective of both parties," the court finds it offers little that is not already before the court under Welch's proffered theory of negligence. Rambus, Inc. v. Infineon Techs. AG, 145 F. Supp. 2d 721, 734 (E.D.Va. 2001).

While the court will allow late expert disclosure, it reserves judgment as to the admissibility of Meth's expert opinion under Federal Rules of Evidence ("FRE") 702 and the Supreme Court's decisions in Daubert v. Merrell Dow Pharms. Inc., 509 U.S. 579 (1993), and Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999). The court finds that the subject of the report goes to the heart of the dispute and does not raise novel theories of liability that would surprise Sam's East. Further, there is little prejudice to Sam's East given the timing of the trial, and should the timing prove to be problematic, Sam's East may request a continuance of the trial to provide both parties with additional time to address the issues raised by Meth's report. Therefore, the untimely disclosure of Meth's testimony does not warrant exclusion under the Rambus factors.

Accordingly, the court **DENIES** Sam's East motion to exclude Meth's testimony as an untimely affirmative expert disclosure. The court **GRANTS** Sam's East until November 1, 2020 to retain its own expert, depose Meth, and renew its motion for summary judgment to

reflect the new testimony. The court further **GRANTS** Welch the opportunity to depose the expert Sam's East retains to respond to Meth's report by November 1, 2020. Nevertheless, the court finds that the undisputed violation of the Amended Scheduling Order requires some sanction. Accordingly, the court **ORDERS** Welch to pay Sam's East the costs and fees associated with its original motion for summary judgment. Sam's East is **DIRECTED** to produce an affidavit or declaration detailing the amount of costs and fees incurred in filing and arguing its original motion for summary judgment.

### III. SUMMARY JUDGMENT

Sam's East moves for summary judgment on the claim of negligence, arguing that Welch has been unable to carry his burden of proof in showing the existence of a dangerous condition on the parking lot, the causal relationship between the lack of warning at the intersection and his injuries, and the knowledge or constructive knowledge by Sam's East of the dangerous condition. Welch disagrees, arguing that his deposition along with the two expert reports he introduces demonstrate that the lack of warning constituted a dangerous condition of which Sam's East knew or should have known, and that his injuries were caused by the dangerous condition, despite the existence of an intervening factor.

The court finds summary judgment at this juncture to be premature. Sam's East did not address the content of Meth's testimony in its motion for summary judgment on the belief that the report would be deemed inadmissible as an untimely affirmative expert disclosure. Additionally, given the late disclosure, Sam's East has not had sufficient opportunity to retain its own expert in response to Meth's testimony. The court also has reserved judgment regarding the admissibility of Meth's testimony under FRE 702.

Accordingly, the court takes the motion for summary judgment **UNDER ADVISEMENT**, pending Sam's East renewal of its motion for summary judgment on or before November 1, 2020.

## IV. CONCLUSION

For the foregoing reasons, the court takes Sam's East motion for summary judgment **UNDER ADVISEMENT** and **DENIES** Sam's East motion to exclude Welch's expert. The court **GRANTS** Sam's East until November 1, 2020 to secure a potential witness to rebut Meth's testimony, depose Meth, and renew its motion for summary judgment. The court also **GRANTS** Welch the opportunity to depose the expert witness Sam's East retains on or before November 1, 2020. Additionally, given the undisputed violation of the operative discovery order, the court **SANCTIONS** Welch in the amount of the total costs and fees associated with Sam's East's original motion for summary judgment. Sam's East is **DIRECTED** to produce to the court and Welch an affidavit or declaration identifying the costs and fees incurred in relation to the motion for summary judgment and providing details in support of that amount. The court will not reopen discovery for any reason except as reflected herein, and the trial date and remaining deadlines in the Amended Scheduling Order remain in effect.

An appropriate Order will be entered.

Entered: October 1, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.10.01 11:05:52
-04'00'

Michael F. Urbanski
Chief United States District Judge