IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TONY PEREZ WELCH, | ) |
| | ) |
| Plaintiff, | ) Case No. 7:19-cv-668 |
| | ) |
| v. | ) By:   Michael F. Urbanski |
| | ) Chief United States District Judge |
| SAM'S EAST, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter comes before the court on plaintiff Tony Perez Welch's Motion for Reconsideration, ECF No. 35. Welch alleges, inter alia, various instances of fraud and collusion by his former counsel and states that his case "was not resolved as the Defendant[s'] attorney told the Court." Defendants' and plaintiff's former counsel have both responded. ECF Nos. 37 and 38. As the motion is untimely, it is **DENIED**.

### I. Background

In November 2018, Welch filed a negligence suit against defendants in the Circuit Court for the City of Roanoke, ECF No. 1-1, alleging that he was injured in an automobile accident in the parking lot Sam's Club store in Roanoke. Welch claimed that defendants were negligent by failing to regulate the flow of traffic at a three-way intersection in the parking lot. Defendants removed the action to federal court, pursuant to 28 U.S.C. §§ 1441 and 1446, on October 2, 2019.

Defendants moved for summary judgment, arguing that plaintiff presented no evidence of negligence and had not timely identified a liability expert witness. ECF No. 26. Plaintiff

1

sought to identify a liability expert witness outside of the time provided by the court's scheduling order, and defendants moved to exclude the late identified expert. ECF No. 22. Following briefing and argument, the court issued a Memorandum Opinion on October 1, 2020, taking the summary judgment motion under advisement and denying the motion to exclude plaintiff's late identified expert. ECF No. 30. The court granted defendants an extension of time to retain their own liability expert, depose plaintiff's expert, and renew their motion for summary judgment, and granted Welch the opportunity to depose the defense expert. The court added:

> Nevertheless, the court finds that the undisputed violation of the Amended Scheduling Order requires some sanction. Accordingly, the court **ORDERS** Welch to pay Sam's East the costs and fees associated with its original motion for summary judgment. Sam's East is **DIRECTED** to produce an affidavit or declaration detailing the amount of costs and fees incurred in filing and arguing its original motion for summary judgment.

Id. at 7.

A summary judgment hearing was set for November 9, 2020. On that day, but before the scheduled time for the hearing, defense counsel notified the court that the case had been settled. The court subsequently dismissed this case with prejudice by order dated January 19, 2021. ECF No. 34.

More than two years later, on March 2, 2023, Welch, proceeding pro se, filed a motion for reconsideration, ECF No. 35, which the court later characterized as a "Motion for Relief from a Final Judgment on the grounds of fraud under Federal Rule of Civil Procedure 60(b)(3)." ECF No. 36, at 1. In his motion, Welch first alleges that his case "was not resolved as the Defendant's attorney told the court," that "[t]here was no contract mentioned or

2

provided to [him] nor was anything signed," and states that he never received a "list summarizing [Defendants'] expert witness fees." ECF No. 35, at 1. Welch next alleges his former counsel, Timothy Dooley, "fraudulently concealed the significant business and personal relationship he has with the Defendant's representative [Victor Skaff]," and that Dooley "concealed the fact that his Law Firm's business license had expired for some time" during his representation. Id. at 1–2. Welch claims a host of other misconduct against his former counsel, including unspecified witness and evidence tampering, obstruction, and financial misconduct. Id. at 2. The court ordered both Dooley and Skaff to reply. ECF No. 36, at 1.

Dooley timely responded, ECF No. 37, providing an image of an October 2020 text exchange with Welch where Dooley notifies him that he "[h]ad another conversation with counsel and passed along your $7,500 demand." ECF No. 37-1. Welch responded by text message "Thank you." Id. Later, Dooley texted Welch "[t]hey've agreed to pay $7,500." Id. Welch responded "Ok." Id. Although a bit difficult to make out, it appears that these text messages were sent on October 26, 2020.

Counsel for defendants provided the court with a copy of a letter sent to Welch's counsel the same day, October 26, 2020, confirming the settlement. ECF No. 38-1. A hearing had been set in the case for November 9, 2020, and defense counsel emailed the court that day to advise that the case had been settled and that the hearing was not necessary. ECF No. 38-2. By letter dated November 17, 2021, defense counsel tendered a check for the settlement proceeds and a release. ECF No. 38-3. Apparently, a dispute arose about the status of a Medicare lien. Ultimately, defendants satisfied the Medicare lien by sending a $5002.50 check

3

to Non-Group Health Plan ("NGHP") on July 15, 2022, ECF No. 38-4, and on that same date sent another check to counsel for Perez for the difference between the amount of the settlement and the Medicare lien. ECF No. 38-5. That check was not cashed by Perez, and at some point, Perez and his counsel, Dooley, parted ways. Defense counsel states that defendants "have made numerous efforts to get the plaintiff his funds. Without ever referencing any of the issues raised against the defendants in his Motion, the plaintiff has refused all such efforts." Id.

As to Welch's claim of collusion between counsel, each counsel acknowledged that they previously had a brief professional relationship as they worked together at the same firm for approximately one year. Counsel for defendants stated "there is absolutely no truth to, or evidence to support, his assertion that there were 'secret discussions' between the two or that any prior relationship had anything whatsoever to do with the outcome of his case." ECF No. 38, at 3. For his part, Welch's counsel Dooley found the suggestion of collusion "especially puzzling" in light of Dooley's agreement with his client to take "no fee for his services in this matter." ECF No. 37, at 1.

Defendants' response focuses on the motion's untimeliness under Rule 60(c)(1), and the "unsubstantiated allegations [that] do not permit him to clear any of the legal hurdles" adduced in the response. ECF No. 38, at 2–3. Defendants likewise explain "the plaintiff refused to sign the Release, negotiate the check and/or satisfy the Medicare lien. As a result, the settlement check went 'stale.'" Id. at 4.

## II. Legal Standard

Under Federal Rule of Civil Procedure 60(b)(3), a court may relieve a party from a final judgment on the grounds of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). A Rule 60(b)(3) motion must be first made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P 60(c)(1). The Fourth Circuit has recently noted the one-year period under Rule 60(c)(1) cannot be equitably tolled or extended, "[n]o matter the potential merits of the plaintiffs' excusable neglect arguments[.]" United States v. Williams, 56 F.4th 366, 373 (4th Cir. 2023) (quoting In re Cook Med., Inc., 27 F.4th 539, 542 (7th Cir. 2022)), cert. denied, No. 22-7649, 2023 WL 4163357 (U.S. June 26, 2023).

If the claim is timely, the Fourth Circuit has "set forth three factors that a moving party must establish to prevail on a Rule 60(b)(3) motion: (1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994) (citing Square Constr. Co. v. Wash. Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981)). The movant's allegations should go past mere conclusions and include a "satisfactory explanation of the merits of the defense." See H & W Fresh Seafoods, Inc. v. Schulman, 200 F.R.D. 248, 253–54 (D. Md. 2000) ("Although conclusive proof is not required, neither is a bare allegation of a meritorious defense sufficient."). Lastly, "in determining whether to exercise the power to relieve against a judgment under 60(b), the courts must engage in the delicate balancing of the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's

5

conscience that justice be done in light of [a]ll the facts." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

## II. Rule 60(b)(3) Motion

Applying these principles to the instant case, the court finds Welch's Rule 60(b)(3) motion is time-barred because he filed his motion on March 22, 2023, and his one-year filing deadline passed on January 19, 2022. Even if plaintiff alleged extraordinary circumstances causing the delay, the court cannot equitably toll the deadline per the Fourth Circuit's holding in United States v. Williams and thus must **DENY** the motion. Williams, 56 F.4th 366, 370–73 (4th Cir. 2023).

In Williams, the defendant filed a Rule 60(b)(3) motion nearly four years after the district court's denial of his 28 U.S.C. § 2255 motion, alleging "the Government had made several material misrepresentations . . . that prevented him from fully and fairly presenting his case." Id. at 369. While the Fourth Circuit noted its concern with the government's representations at the § 2255 hearing, it nonetheless held that "Rule 60(b)(3)'s one-year time limit is a mandatory claim-processing rule that cannot be tolled," id. at 370, in light of the Supreme Court's decision in Corp. v. Lambert, 139 S. Ct. 710, 714 (2019) (holding Rule 23(f)'s 14-day appeal deadline was mandatory because the rule is a claim-processing one, not a jurisdictional one) and the Fourth Circuit's holding in United States v. Marsh, 944 F.3d 524, 529–31 (4th Cir. 2019) (explaining Rule 4(b)'s time limit is non-jurisdictional, and cannot be equitably tolled, even for good cause). The Fourth Circuit's rationale behind Williams is not new. Nearly forty years ago, the Fourth Circuit noted that Rule 60(b)(3) "suggests that equitable considerations prevail in such cases for one year, and that the interest in finality of

judgments prevails after." Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 675 F.2d 1349, 1355 (4th Cir. 1982).

In this case, the court cannot equitably toll Welch's untimely Rule 60(b)(3) motion alleging fraud by his counsel and **DENIES** the motion seeking relief from the prior dismissal. The court reaches this conclusion in light of the Fourth Circuit's recent instruction in Williams where, regardless of the potential merits of any circumstances preventing a timely filing, courts cannot equitably toll an untimely motion because Rule 60(b)(3)'s one-year deadline is non-jurisdictional. This claim-processing procedural rule, as interpreted in Williams, leaves this court "without discretion to extend Rule 60(b)'s one-year time limit for equitable reasons, whatever their merit." Williams, 56 F.4th at 372. Moreover, Welch's motion does not indicate any discernable reason for the motion's untimeliness, and it is **DENIED**.

Welch filed a letter with the court on July 17, 2023, stating he is "presently preparing my reply to the Defendants' and Attorney Dooley's recent filings" and that he "look[s] forward to substantiating the claims of Fraudulent Concealment and Misconduct by both Attorney Victor Skaff, III and Attorney Tim Dooley." ECF No. 39. To date, however, nothing has been filed, and more than a month has passed.

Based on the representation of counsel that this case had been settled, this case was dismissed on January 19, 2021, and at this late date, Rule 60(b) does not permit the court to reopen this case. Accordingly, the court is required to **DENY** the motion filed by Welch to reconsider the dismissal of this case.

An appropriate Order will be entered.

7

Entered: September 7, 2023

*[Signature]*
Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2023.09.07 09:28:43 -04'00'

Michael F. Urbanski
Chief United States District Judge